# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DARRELL E. KELLY,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:17-cv-02432-RFB-GWF

**ORDER**

Plaintiff's Application to Proceed *In Forma Pauperis* (#1)

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on September 18, 2017.

## BACKGROUND

Plaintiff alleges a claim against the Social Security Administration (SSA), challenging its denial of social security disability benefits. Plaintiff alleges that at all times relevant to this action, he was disabled as defined by the Social Security Act. Plaintiff claims that the Social Security Commissioner, initially and upon reconsideration, denied his requests for disability insurance benefits and supplemental security income. Plaintiff now seeks judicial review of the findings of the Administrative Law Judge dated July 9, 2017.

## DISCUSSION

**I.    Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.     Complaint**

Plaintiff asks this Court to review his social security application. A disagreement with the Social Security Administration's ("SSA") final decision may be grounds for this Court to review the case. Federal courts only have jurisdiction to conduct judicial review of the SSA's final decisions. *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980). It is unclear that Plaintiff has exhausted all of his administrative remedies with the SSA. Plaintiff's Complaint asserts that the ALJ failed to consider all of his medical conditions in coming to his conclusion. *Complaint* (ECF No. 1-1). However, the Complaint does not clearly detail whether Plaintiff properly appealed the ALJ's decision to the Appeals Council and, if so, whether his request for review was denied thereby making the ALJ's denial of benefits a final decision for purposes of judicial review.[1] Therefore, Plaintiff does not give the Court the necessary

---

[1] Plaintiff's complaint states that he is "Requesting for a review of hearing, dated July 9, 2017 by the appeals council." Therefore, it appears to the Court that Plaintiff has not yet obtained a final decision from the SSA Appeals Council and incorrectly believes that his instant complaint is the proper way to request such a review.

information to determine if it has jurisdiction over this matter.  As a result, the Court will dismiss this complaint with leave to amend, to provide Plaintiff another opportunity to give the Court the necessary information.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff is informed that once he files an amended complaint, the Court is required to again conduct a screening pursuant 28 U.S.C. § 1915(e).  Therefore, litigation of Plaintiff's case does not automatically commence upon the filing of an amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1-1) be **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **October 26, 2017** to file an amended complaint correcting the noted deficiencies.

DATED this 26th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge