# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARRELL E. KELLY, | Case No. 2:17-cv-02432-RFB-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## I.  INTRODUCTION

Before the Court is Plaintiff Darrell E. Kelly's Motion for Reversal, ECF No. 17, and Defendant Nancy A. Berryhill's Cross Motion to Affirm, ECF No. 18.

For the reasons discussed below, the Court finds that the ALJ's decision contains no legal error and is supported by substantial evidence. Therefore, the Court denies Plaintiff's Motion for Reversal and grants Defendant's Cross Motion to Affirm.

## II.  BACKGROUND

On October 23, 2013, Plaintiff completed an application for disability insurance benefits alleging disability since January 1, 2011. AR 28. Plaintiff was denied initially on July 2, 2014 and upon administrative reconsideration on December 22, 2014. AR 28. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on May 5, 2016. AR 28. In an opinion dated June 14, 2016, ALJ Berry Jenkins found Plaintiff not disabled. AR 28–38. The Appeals Council denied Plaintiff's request for review on July 17, 2017, rendering the ALJ's decision final. AR 1–3.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2011, the alleged onset date. AR 31. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, peripheral vascular disease, status-post angioplasty in both legs, plantar fascial fibromatosis, and tibialis posterior tendonitis. AR 31–32. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 32.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), except that he must be able to alternate between sitting and standing every 30 minutes. AR 32–37. Based on this RFC, the ALJ found at step four that Plaintiff was able to perform his past relevant work as an information clerk. AR 37–38.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ

did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Garrison, 759 F.3d at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but he must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of his symptoms. Garrison, 759 F.3d at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four.

### IV. DISCUSSION

The Court begins by noting that Plaintiff appears *pro se*. Accordingly, the Court construes Plaintiff's arguments liberally. See Hopkins v. Berryhill, 697 F. App'x 892 (9th Cir. 2017) (unpublished).

**A. Step Two**

Plaintiff states that he suffers from degenerative disc disease and other joint problems, cancer of the penis, back pain, artery disease of the lower extremities from plaque build-up in both legs, and chronic abdominal. See ECF No. 17 at 4. At step two, the ALJ identified degenerative disc disease, peripheral vascular disease, status-post angioplasty in both legs, plantar fascial fibromatosis, and tibialis posterior tendonitis. AR 31. The ALJ later found that these impairments could cause Plaintiff alleged pain. AR 33. However, at step two, the ALJ found that Plaintiff's squamous cell carcinoma of the penis was a non-severe impairment. The Court construes Plaintiff's list of his impairments to be an argument that the ALJ erred in not finding that his penile cancer was a severe impairment at step two.

"[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." Smolen, 80 F.3d at 1290 (9th Cir. 1996) (quoting 20 C.F.R. §§ 404.1520(c), 404.1521(a)). The ALJ found that while Plaintiff received a partial penectomy in March 2016, two weeks following surgery Plaintiff did not have any complaints and had discontinued his own pain medication. AR 32. This Court does not find any evidence of additional treatment following the surgery. The ALJ's finding that "this condition appears resolved and does not have more than a minimal effect on the claimant's ability to work" is therefore supported by substantial evidence. AR 32.

**B. Residual Functional Capacity**

Plaintiff argues that the ALJ failed to conduct an RFC assessment. ECF No. 17 at 5, 8. However, the ALJ provided an RFC assessment as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). He can lift and/or carry 10 pounds occasionally and five pounds frequently. The claimant must be able to stand for up to 30 minutes, but then would have to sit for up to 30 minutes, before resuming standing or sitting, depending on where he started.

AR 32.

/ / /

/ / /

**C. Credibility Determination**

Plaintiff argues that the ALJ improperly evaluated Plaintiff's credibility. ECF No. 17 at 6, 9. The ALJ found that, while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.

As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of his symptoms with specific, clear, and convincing reasons. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). As of 2016, the Social Security Administration has eliminated the use of the term "credibility" from its policy, as "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. However, ALJs may continue to consider the consistency of a claimant's statements compared to other statements by the claimant and to the overall evidence of record. Id.

Plaintiff testified that he can stand for thirty to thirty-five minutes before having to sit down, and can sit for forty-five minutes to an hour before he can walk again. AR 33. The ALJ found that the objective findings did not provide strong support for the claimant's allegations of disabling symptoms and limitations. AR 33. The ALJ cited to an April 2015 evaluation showing that Plaintiff's back appeared normal on inspection, was non-tender, and had a painless range of motion. AR 34. The ALJ noted that Plaintiff's pain was treated conservatively with Norco and Flexeril. AR 34. The ALJ recognized that Plaintiff had an abnormal gait and sensory defects in his leg in November 2013, but that in January 2014, after ceasing to smoke on his doctor's recommendation, Plaintiff had an unremarkable gait and could walk and squat without assistance. AR 34. In May 2014, Plaintiff presented to the hospital with difficulty ambulating due to pain, but following an emergent thromboembolectomy he could again ambulate without symptomology.

AR 34–35. Plaintiff was treated for foot and ankle pain in September 2014, but in late 2015 and early 2016 reported that he was doing much better and that a lace-up style brace was providing relief. AR 35.

Substantial evidence supports the ALJ's finding that the medical reports are consistent with limiting Plaintiff to sedentary work but are not consistent with the severity of Plaintiff's self-reported limitations.

### D. Lack of State Evaluation

Plaintiff states that he never received a medical evaluation by a state doctor. ECF No. 17 at 6. The Court construes Plaintiff's observation as an argument that the ALJ erred in declining to order a consultation examination of Plaintiff.

"An ALJ has a duty to ensure that the administrative record is fully and fairly developed." HALLEX I-2-6-56. In some cases, an ALJ may develop the record by obtaining a consultative examination. See 20 CFR 404.1512(b)(2) & 416.912(b)(2). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459–60 (9th Cir. 2001).

The ALJ made no finding that the evidence was ambiguous or that the record was inadequate. The Court finds that the record in this case was adequate and that the ALJ's conclusions were supported by substantial evidence. The ALJ therefore had no duty to obtain a consultative examination of Plaintiff.

### E. Listing

Plaintiff argues that he has a combination of impairments that meet or medically equal a listed impairment. ECF No. 17 at 7. Plaintiff does not specify which listing he allegedly meets or equals, nor what evidence of the record supports a finding of disability consistent with the listed impairments.

The ALJ found that the medical evidence did not establish the requisite evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis as required under listing 1.04. The ALJ found no evidence that Plaintiff's back disorder has resulted in an inability to ambulate

effectively, as defined in listing 1.00(B)(2)(b).  Lastly, the ALJ found that the medical evidence did not establish the requisite evidence of chronic joint pain and stiffness with signs of limitation of motion and joint space narrowing, bony destruction, or ankylosis as required under listing 1.02, nor that Plaintiff has an inability to perform fine and gross movements effectively.  The Court finds that these determinations are supported by substantial evidence.

### F. Evaluation of Evidence

Plaintiff argues generally that the ALJ improperly evaluated the evidence by incompletely and selectively reading evidence.  ECF No. 17 at 7–8.  Plaintiff argues that substantial evidence does not support the ALJ's non-disability finding.  ECF No. 17 at 9.  An ALJ is not permitted to cherry-pick evidence of non-disability while ignoring evidence of disability.  See Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014).  The Court finds that the ALJ in this case thoroughly reviewed and accurately summarized the medical evidence of record in this case.  AR 33–37.  The Court finds no error meriting reversal in the ALJ's evaluation of the evidence.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reversal (ECF No. 17 is DENIED and Defendant's Cross Motion to Affirm (ECF No. 18) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Defendant, and against Plaintiff.  The Clerk of Court is instructed to close the case.

**DATED** this 7th day of May, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**